UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ERROL P. CROSSDALE,

    Plaintiff,

v.                                  Case No: 2:13-cv-617-FtM-38DNF

MICHAEL A. CROSSDALE, STACY BIANCO, JAMES BIANCO, PATRICIA CROSSDALE, LINDA WORTH and WORTH REALTY, LLC.,

    Defendants.
_____/

## ORDER[1]

This matter comes before the Court on Defendants' Motion to Dismiss Second Amended Complaint for Damages (Doc. #55) filed on January 29, 2014. Plaintiff's Opposition (Doc. #58) was filed on February 10, 2014. Plaintiff, *pro se*, Errol P. Crossdale also included a request for judgment on the pleadings in his opposition brief.

This matter was first filed by Plaintiff, *pro se*, on August 23, 2013 (Doc. #1), alleging civil Racketeer Influenced and Corrupt Organizations Act ("RICO") violations against the Defendants to "defraud, cheat and swindle Plaintiff out of money and property, and to sell or to rent Plaintiff's real property for monthly income to continue profiting from RICO, causing Plaintiff damages." (Doc. #1, pp. 2-3). Plaintiff further alleges that Defendants

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other Web sites, this court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

used the justice system to cheat him out of money, discussing two state court lawsuits to which he was a party in which final judgment was entered against him.  See Michael A. Crossdale v. Errol P. Crossdale, Florida Twentieth Judicial Circuit Court Case No. 06-CA-004092.  These state court lawsuits were brought by Defendant Michael Crossdale against Errol Crossdale to recover title to his real property located in Cape Coral, Florida, and for money damages.  Plaintiff filed a First Amended Complaint (Doc. #38) on December 9, 2013, after being granted leave of Court to do so.  On January 10, 2014, Plaintiff filed a Second Amended Complaint (Doc. #48), after being granted leave of Court to do so.  The Second Amended Complaint is now the operative pleading in this matter.

The Second Amended Complaint asserts eight causes of action, including racketeering, extortion, theft by deception, conversion, collusion, due process violations, civil conspiracy, and fraud.  Plaintiff alleges federal question jurisdiction pursuant to RICO.  Defendants Michael A. Crossdale, Stacy Bianco, James Bianco, Patricia Crossdale, Linda Worth, and Worthit Realty, LLC have moved to dismiss the Second Amended Complaint based upon lack of subject matter jurisdiction, arguing that Plaintiff is attempting to challenge, reverse, or modify the underlying state court judgments, which the Court does not have jurisdiction to entertain pursuant to the Rooker-Feldman doctrine.  See Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-17, 44 S. Ct. 149, 68 L. Ed. 362 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 476, 103 S. Ct. 1303, 75 L. Ed. 2d 206 (1983).

The Rooker-Feldman doctrine prevents federal courts from exercising jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district

court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284, 125 S. Ct. 1517, 161 L. Ed. 2d 454 (2005). The doctrine applies to cases that are "inextricably intertwined with the state-court judgment so that: (1) the success of the federal claim would effectively nullify the state-court judgment, or that (2) the federal claim would succeed only to the extent that the state court wrongly decided the issues." Id.

In this case, each of the eight counts is dependent on the general allegations within the first fifty-five numbered paragraphs of the Second Amended Complaint, including, those under the sub-headings labeled "Background" (Doc. #48, ¶¶1-8), "Introduction" (Doc. #48, ¶¶16-24), and "Common Nucleus of Operative Fact" (Doc. #48, ¶¶41-55). The allegations within these subheadings shows that the Plaintiff is attempting to have this Court reverse or set aside the findings of two state court judgments in the case styled Michael A. Crossdale v. Errol P. Crossdale, Florida Twentieth Judicial Circuit Court Case No. 06-CA-004092. The two final judgments are specifically referred to in the four corners of the Plaintiff's Second Amended Complaint, and are attached to the Plaintiff's Second Amended Complaint as Exhibits G and H.[2]

Specifically, even though Plaintiff states in his Second Amended Complaint that he is not seeking to re-litigate the state court case, or appeal any state court judgments, a review of the general allegations in the Second Amended Complaint demonstrates

---

[2] Given the reference and attachment of the judgments to the Second Amended Complaint, their attachment to the Motion to Dismiss along with other pleadings in the State Court Case, does not transform this Motion to Dismiss into a Motion for Summary Judgment. (Doc. #48, Ex. 8). See, e.g., Bickley v. Caremark Rx, Inc., 461 F. 3d 1325, 1329 n.7 (11th Cir. 2006) (Where the plaintiff refers to certain documents in the complaint and those documents are central to the plaintiff's claim, the court may consider the documents as part of the pleading for purposes of Rule 12(b)(6) dismissal, and the defendants' attaching such documents to the Motion to Dismiss will not convert the motion into a Motion for Summary Judgment). Moreover, facts outside of the pleadings may be considered as part of this court's determination that it lacks jurisdiction. Goodman v. Sipos, 259 F.3d 1327, 1332 (11th Cir. 2001).

otherwise. In Paragraph 18 of the Second Amended Complaint, the Plaintiff alleges: "Defendant(s) devised and executed a 'scheme' in state court case No. 06-CA-004092 where Defendant defrauded Plaintiff, defiled the court itself and prevented Plaintiff from obtaining the benefit of his defense." Further, Plaintiff challenges the state court's jurisdiction over KCKC Financial Living Trust (a Trust to which Errol Crossdale conveyed the Cape Coral Property). In Paragraphs 21 through 23, Plaintiff challenges the Affidavits of Service as fabricated and therefore void. Similarly, in Paragraph 7 of the Second Amended Complaint, Plaintiff alleges, "The state court lacked jurisdiction over Jeanette Rivera, and the final judgment(s) entered against her renders the judgment(s) a nullity as a matter of law."

Plaintiff also repeats the same allegations he made at trial in the state court case, claiming that it was Michael A. Crossdale that "stole almost 'everything that Plaintiff own [*sic*] since 1988.'" (Doc. #48, ¶38). Plaintiff also characterizes Michael Crossdale's pleadings in the lower court challenging Errol Crossdale's deed to the Cape Coral Property as "fabricated." (Doc. #48, ¶¶28-30). Further, Plaintiff alleges that other affidavits were fabricated in the state court proceedings. (Doc. #48, ¶45). Plaintiff also argues in his Response in Opposition (Doc. #58) that the underlying judgment is void and a complete nullity.

As each of the eight counts in the Second Amended Complaint incorporated these preliminary allegations, the Plaintiff's claims are dependent upon this Court reviewing and overturning the state court case, which this Court does not have jurisdiction to do. The state court entered a valid judgment that the deed to the Cape Coral Property referred to in the Second Amended Complaint "was fraudulently obtained by a scheme orchestrated

4

by and at the behest of Errol Crossdale," and that "Errol Crossdale then, himself, recorded the fraudulently obtained deed, slandering Michael Crossdale's title and entitlement thereto." See Doc. #55-1, ¶1. In this case, Plaintiff's claims would succeed only to the extent that the state court's proceedings and decisions were void and wrong. Thus, this cause is dismissed for lack of subject matter jurisdiction.

Finally, Plaintiff requests that the Court grant his request for judgment on the pleadings. (Doc. #58, p. 18). "Judgment on the pleadings is proper when no issues of material fact exist, and the movant is entitled to judgment as a matter of law." Ortega v. Christian, 85 F.3d 1521, 1524 (11th Cir. 1996) (citing Fed. R. Civ. P. 12(c)). In this case, the Court has found that it lacks subject matter jurisdiction over Plaintiff's claims. Therefore, the request for judgment on the pleadings is denied.

Accordingly, it is now

**ORDERED:**

(1) Defendants' Motion to Dismiss Second Amended Complaint for Damages (Doc. #55) is **GRANTED** and the Second Amended Complaint is **DISMISSED with prejudice** for lack of subject matter jurisdiction.

(2) The Clerk is directed to enter judgment accordingly, terminate all previously scheduled deadlines and motions, and **CLOSE the file**.

**DONE** and **ORDERED** in Fort Myers, Florida this 19th day of February, 2014.

*[Signature: Sheri Polster Chappell]*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record